**Electronically Filed**
**Intermediate Court of Appeals**
**30584**
**28-JUN-2012**
**10:05 AM**

NO. 30584

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RODILLO M. TABUYO, SR. and MERLINA D. TABUYO,
Plaintiffs-Appellees,
v.
ROBERT C. REISH and SUSAN N. REISH,
Individually and as Trustees for the
Reish 1995 Family Trust as created by Declaration
of Trust dated September 18, 1995,
Defendants-Appellants
and
DOES 1-30, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2029)


MEMORANDUM OPINION
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Defendants-Appellants Robert C. Reish and Susan N.
Reish, Individually and as Trustees for the Reish 1995 Family
Trust as created by Declaration of Trust dated September 18,
1995, (Reish Trust) appeal from the "Order Denying Defendants'
Motion for Reconsideration of Order Denying Defendants' Motion
for Order Expunging Notice of Pendency of Action, Filed on
November 4, 2009," filed April 26, 2010 (April 26, 2010 Order) in

the Circuit Court of the First Circuit[1] (circuit court). The circuit court's order was in favor of Plaintiffs-Appellees Rodillo M. Tabuyo Sr. and Merlina D. Tabuyo (Tabuyo Plaintiffs), who had filed the Notice of Pendency of Action against Reish Trust.

## I.

On December 17, 2007, Reish Trust loaned Tabuyo Plaintiffs $150,000. The loan was secured by a "Purchase Money Real Property Mortgage" (second mortgage) held by Reish Trust on real property (Property) owned by Tabuyo Plaintiffs. Tabuyo Plaintiffs agreed to pay an interest rate of 14% per year, with the total loan due January 1, 2009.

Tabuyo Plaintiffs defaulted on the loan and Reish Trust initiated a non-judicial foreclosure action against Tabuyo Plaintiffs. The auction was held May 6, 2009, and Reish Trust bought the Property for $50,000, subject to the first mortgage.[2]

On May 15, 2009, a "Limited Warranty Deed Pursuant to Power of Sale" was filed in the State of Hawai'i Bureau of Conveyances, purportedly conveying title of the Property to Reish Trust. Reish Trust entered into a contract to sell the Property to a third party, with the recording of the sale scheduled for September 11, 2009.

On September 10, 2009, in its Commitment for Title Insurance related to the anticipated sale, First American Title Company, Inc. indicated that a Notice of Pendency of Action had been filed September 1, 2009, claiming right to title and possession of the Property. On September 14, 2009, Reish Trust filed a Motion for Order Expunging Notice of Pendency of Action. On September 24, 2009, the circuit court denied the motion without prejudice and on November 4, 2009, entered its "Order Denying [Reish Trust's] Motion for Order Expunging Notice of

---

[1] The Honorable Bert I. Ayabe presided.

[2] In anticipation of the sale to a third-party, the Reish Trust paid off the $626,031.79 first mortgage.

Pendency of Action Filed September 14, 2009" (November 4, 2009 Order Denying Expungement).

On November 12, 2009, Reish Trust filed a Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b) "Motion for Reconsideration of [November 4, 2009 Order Denying Expungment]" (November 12, 2009 Motion for Reconsideration). The circuit court orally denied the motion December 8, 2009, but did not file its written order denying the November 12, 2009 Motion for Reconsideration until April 26, 2010.

On May 25, 2010, pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(4)(A), Reish Trust filed an "Ex Parte Motion to Extend Time to File Notice of Appeal" (Motion to Extend Time). The circuit court granted the motion, extending the time to file a notice of appeal from May 26, 2010 to June 25, 2010.[3] On June 24, 2010, Reish Trust filed its notice of appeal.

## II.

> It is axiomatic that we are under an obligation to ensure that we have jurisdiction to hear and determine each case and to dismiss an appeal on our own motion where we conclude we lack jurisdiction. When we perceive a jurisdictional defect in an appeal, we must, *sua sponte*, dismiss that appeal.
>
> Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986) (internal quotation marks, citations, and brackets omitted).

Brooks v. Dana Nance & Co., 113 Hawai'i 406, 412, 153 P.3d 1091, 1097 (2007).

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect the parties cannot waive and the appellate courts cannot disregard. Bacon, 68 Haw. at 650, 727 P.2d at 1129; HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP].").  Reish Trust's notice of appeal is untimely under HRAP Rule 4(a)(3) and Rule 4(a)(4)(A).

An order denying a motion to expunge a notice of pendency of action "is a collateral order that is immediately

---

[3] The circuit court granted the motion to extend time on May 26, 2010, but did not enter the order until June 1, 2010.

appealable as a final order pursuant to Hawai i Revised Statutes § 641-1(a) (Supp.2007)." Canales v. Artiga, 118 Hawai'i 421, 422, 192 P.3d 610, 611 (2008); see also Knauer v. Foote, 101 Hawai'i 81, 85, 63 P.3d 389, 393 (2003). Under HRAP Rule 4(a)(3), certain motions, such as a motion for reconsideration, extends the time for filing a notice of appeal "until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion." HRAP Rule 4(a)(3).

On November 12, 2009, Reish Trust filed its Motion for Reconsideration. The circuit court had ninety days to dispose of the motion by order or the motion would be automatically deemed denied. The circuit court failed to enter an order either granting or denying the motion prior to February 10, 2010, ninety days after the motion was filed. Thus, Reish Trust's November 12, 2009 Motion for Reconsideration was automatically deemed denied February 10, 2010. See Cnty of Hawai'i v. C&J Coupe Family Ltd. P'ship, 119 Hawai'i 352, 367, 198 P.3d 615, 630 (2008) ("As noted before, because the court failed to issue an order on Appellant's motion by January 9, 2008, ninety days after Appellant filed the motion, the motion was deemed denied."). Consequently, at the end of the day February 10, 2010, Reish Trust's November 12, 2009 Motion for Reconsideration was no longer pending for decision by the circuit court. Furthermore, the deemed denial on February 10, 2010, triggered the 30-day time period to file an appeal under HRAP Rule 4(a)(3). Reish Trust did not file its June 24, 2010 notice of appeal within thirty days of the February 10, 2010 deemed denial nor seek an extension within the time allowed under HRAP Rule 4(a)(4). Therefore, Reish Trust's June 24, 2010, notice of appeal was not timely filed.

IV.

It is hereby ordered that this appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawai'i, June 28, 2012.

On the brief:

Mitzi A. Lee
(Law Office of Mitzi Lee)
for Defendants-Appellants.

Presiding Judge

Associate Judge

Associate Judge